UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Scott Johnson,, | No. 2:14-cv-01848-GEB-CKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |
| Balbir S. Ojla, Mohan K. Gill, Ashwani K. Karma, Indra D. Sharma, and Does 1-10, | |
| Defendants. | |

The August 6, 2014 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on November 10, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 6, 2014 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than November 14, 2014, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault,

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on April 20, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants Balbir S. Ojla, Mohan K. Gill, Ashwani K. Karma, and Indra D. Sharma with process within the 120 day period prescribed in that Rule may result in the unserved defendants and/or this case being dismissed. To avoid dismissal, on or before March 6, 2015, Plaintiff shall file proof of service for these defendants or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  November 7, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).